*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0284**

In re: Guardianship and Conservatorship of Adeline E. Chapman.

**Filed November 9, 2015
Reversed and remanded
Johnson, Judge**

Wright County District Court
File No. 86-PR-07-4412

Thomas N. Kelly, Wright County Attorney, Greg T. Kryzer, Karen L. Wolff, Assistant County Attorneys, Buffalo, Minnesota (for appellant Wright County)

Steven B. Szarke, Szarke Law Office, Buffalo, Minnesota (for respondent Beverly Meintsma)

Considered and decided by Kirk, Presiding Judge; Johnson, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JOHNSON**, Judge

Beverly Meintsma served as conservator for her mother, Adeline E. Chapman, until Chapman's death in 2011. Wright County objected to Meintsma's final accounting by arguing that she is not entitled to $8,763.35 in fees and expenses she received as conservator. The district court disallowed only $4,733.00 of fees and expenses. Wright County appeals, contending that the district court should have disallowed additional fees and expenses. We conclude that the district court erred because Meintsma did not satisfy

her burden of persuasion on the question whether the fees and expenses that she incurred are authorized by law and are reasonable. We also conclude that the district court erred by finding that the net value of Chapman's estate at the time of her death was $0.00. Therefore, we reverse and remand for entry of an amended order or orders.

**FACTS**

In August 2007, the district court appointed Meintsma to be the conservator of the estate belonging to her mother, Chapman. Meintsma served as conservator until Chapman's death on November 21, 2011. Meintsma continued to act as if she were Chapman's conservator after Chapman's death, incurring fees and expenses. Meintsma was unaware that a conservatorship terminates as a matter of law upon a conservatee's death. *See* Minn. Stat. § 524.5-431(a) (2014).

In October 2012, Meintsma filed with the district court a final accounting for the conservatorship. After filing the final accounting, Meintsma petitioned for confirmation of the termination of the conservatorship and discharge as conservator. The district court granted the petition on the same day that it was filed.

Meanwhile, Meintsma's final accounting was referred to the judiciary's Conservator Account Auditing Program (CAAP) for review. In late October 2012, a CAAP auditor issued a report concluding that Meintsma received $8,223.75 in fees to which she is not entitled and $958.40 in reimbursements for expenses that were not properly documented, resulting in a total overpayment of $9,182.15. The auditor reasoned that some of the time for which Meintsma received fees was not spent performing compensable conservator services. The auditor also reasoned that Meintsma

2

received fees for 139.5 hours of services that were performed after Chapman's death, *i.e.*, after the conservatorship terminated as a matter of law.

Shortly after the CAAP audit report was issued, the district court administrator scheduled a hearing for February 2013 to review the final accounting and the CAAP audit report. At the hearing, Wright County moved to intervene, asserting that Chapman owed the county $8,188.21 for Medical Assistance. After two additional hearings concerning intervention, the district court granted the county's motion to intervene and rescheduled the hearing on the final accounting and CAAP audit report for January 2014.

At the beginning of the hearing in January 2014, the parties stated their respective positions. Meintsma's attorney stated that Meintsma agrees with the CAAP audit report except to the extent that it omits a $418.80 payment for attorney fees, which she believed would reduce the total overpayment from $9,182.15 to $8,763.35. Meintsma's attorney also informed the district court of Meintsma's willingness to assign to the county a judgment against a third party of more than $20,000.00 as a means of satisfying the debt owed to the county. The county's attorney stated the county's position that Meintsma had received payments to which she is not entitled, for the reasons stated in the CAAP audit report, and that the district court should require Meintsma to return those funds to Chapman's estate. The county's attorney also indicated that the county was not interested in resolving the matter by accepting an assignment of a judgment.

Meintsma was the only witness to testify at the hearing. She testified that she agreed with the auditor's findings except for an additional payment to her attorney in the amount of $418.80, which she believed would result in a total overpayment of $8,763.35.

3

On cross-examination, she explained that she was unaware that her duties as conservator terminated upon her mother's death. Meintsma did not present any other evidence, and the county did not present any evidence. At the conclusion of the hearing, the county's attorney asked the district court to order Meintsma to return $8,763.35 to Chapman's estate.

The day after the hearing, the district court issued an order in which it granted in part and denied in part the county's motion to deny the final accounting. The district court ordered Meintsma to pay $4,733.00 to Chapman's estate, finding that only some of the challenged fees and expenses were unreasonable. In an attached memorandum, the district court explained that it was disallowing $4,230.00 in fees that Meintsma charged for 94 hours of travel between Minnesota and her home in California and was disallowing $503.00 in reimbursed expenses for which there was inadequate documentation. The district court credited Meintsma's testimony that she was unaware that the conservatorship terminated upon her mother's death. The district court also took judicial notice of the CAAP audit report. Six months after the order, Meintsma obtained a cashier's check in the amount of $4,733.00, made payable to the Estate of Adeline Chapman. At oral argument, the county acknowledged that Meintsma had in fact returned funds of that amount to Chapman's estate.

In September 2014, the county petitioned the district court for an order compelling another final accounting, on the ground that a final accounting had not been filed since the district court's January 2014 order. Meintsma submitted a letter under her own signature in which she directed the district court's attention to accountings she previously

had filed.  The district court held a hearing in December 2014 on the county's petition and stated on the record that Meintsma need not file another final accounting.  The district court issued a one-page order approving an annual accounting that Meintsma had filed in August 2012.  The district court's order states that the "balance" (which we assume to mean net value) of Chapman's estate is $0.00.

The county appeals.  In March 2015, a special term panel of this court clarified that the appeal is from both the January 8, 2014 order and the December 17, 2014 order.

## D E C I S I O N

### I.  Disallowed Fees and Expenses

The county first argues that the district court erred in its January 8, 2014 order by concluding that Meintsma is required to return only $4,733.00, rather than $8,763.35, to Chapman's estate.

A conservator is entitled to reimbursement for expenses incurred and compensation for services performed on behalf of a protected person.  Minn. Stat. § 524.5-502(c) (2014).  A conservator's compensation is paid from the protected person's estate and is subject to approval by the district court.  *Id.*; *see also In re Guardianship of Doyle*, 778 N.W.2d 342, 347-48 (Minn. App. 2010).  A conservator is not entitled to reimbursement for expenses incurred and compensation for services performed after the protected person's death, when the conservatorship terminates as a matter of law and assets are transferred to the protected person's personal representative.  Minn. Stat. § 524.5-431(a)-(b) (2014).

5

In determining whether a conservator's fees are reasonable, a district court must consider several factors: "(1) the time and labor required; (2) the experience and knowledge of [guardian or conservator]; (3) the complexity and novelty of problems involved; (4) the extent of the responsibilities assumed and the results obtained; and (5) the sufficiency of assets properly available to pay for the services." *Doyle*, 778 N.W.2d at 351 (quoting Minn. Stat. § 525.515(b) (2008)). "The burden of providing evidence to support fee requests lies with the guardian/conservator." *Id.* (citing *Butt v. Schmidt*, 747 N.W.2d 566, 576 (Minn. 2008)). This court applies a clear-error standard of review to a district court's findings concerning the reasonable value of a conservator's services. *Id.* We apply an abuse-of-discretion standard of review to a district court's ultimate decision to allow or disallow fees to a conservator. *Id.* at 350-51 (citing *In re Estate of Baumgartner*, 274 Minn. 337, 346, 144 N.W.2d 574, 580 (1966)).

The county contends that the district court clearly erred in its findings concerning the reasonableness of the fees and expenses incurred by Meintsma. More specifically, the county contends that the district court clearly erred because Meintsma bore the burden of persuasion and did not introduce any evidence contrary to the CAAP audit report and, in fact, agreed with the CAAP audit report, except for $418.80 in additional expenses.

The county is correct. Meintsma bore the burden of persuading the district court that the fees and expenses she incurred on behalf of Chapman were reasonable. *See id.* at 351 (citing *Butt*, 747 N.W.2d at 576). Meintsma did not present any evidence to justify any of her fees or expenses, even though many of her fees and expenses had been called

6

into question by the CAAP audit report. Her entire direct examination is only one page long in the transcript of the hearing. In answering her own attorney's questions, she conceded that the CAAP audit report is correct, except for $418.80 in additional expenses arising from an additional payment of attorney fees. She did not introduce any exhibits. Her testimony is consistent with her attorney's statement at the outset of the hearing that Meintsma does not dispute the CAAP audit report.

In light of the evidence in the hearing record, the district court clearly erred by finding that only $4,733.00 in fees and expenses need to be returned to Chapman's estate. There was no evidence in the record to support a finding that the difference between the repayment requested by the county and the repayment ordered by the district court ($8,763.35 less $4,733.00 equals $4,030.35) reflects fees and expenses that were reasonably incurred. Furthermore, most of those fees and expenses were incurred after Chapman's death, when the conservatorship had ceased to exist. *See* Minn. Stat. § 524.5-431(a). The parties essentially agreed at the hearing that Meintsma is not entitled to fees or expenses that were incurred after the termination of the conservatorship. The fact that Meintsma was unaware that the conservatorship had terminated is irrelevant. *See id.* (providing that conservatorship terminates as a matter of law upon death of protected person).

Thus, the district court erred by disallowing only $4,733.00 of the fees and expenses that Meintsma had received and ordering her to return only that amount to Chapman's estate. Based on the evidence presented by Meintsma at the hearing, the district court should have found that Meintsma is not entitled to $8,763.35 of fees and

7

expenses she had received and is required to return that amount to Chapman's estate. That is the relief that the county sought at the hearing before the district court, and that is the amount that Meintsma conceded in her testimony and in her attorney's professional statements. Therefore, we reverse that part of the district court's January 8, 2014 order and remand the matter to the district court for entry of an amended order that requires Meintsma to return a total of $8,763.35 (not $4,733.00) to Chapman's estate. We note, however, that nothing in this opinion is intended to preclude Meintsma from receiving compensation as a personal representative in a probate proceeding for fees or expenses incurred after Chapman's death. *See* Minn. Stat. § 524.3-719(a) (2014).

## II. Final Balance

The county also argues that the district court erred in its December 17, 2014 order by approving Meintsma's final accounting with a finding that the "balance" (which we understand to be the net value) of Chapman's estate at the time of her death was $0.00. The county contends that $0.00 is incorrect because the district court previously ordered Meintsma to pay $4,733.00 to Chapman's estate. The county further contends that the final balance should reflect the amount that Meintsma is obligated to pay to Chapman's estate in light of this court's resolution of the county's first argument. *See supra* part I.

We are unaware of any reason why the district court's December 17, 2014 order states that the balance of Chapman's estate at the time of her death was $0.00. The order itself does not explain. Meintsma did not respond to the county's argument in her responsive brief. We provided Meintsma's attorney with an opportunity to address the issue at oral argument, but no additional reasons were presented. Assuming that

8

Meintsma has paid $4,733.00 to Chapman's estate, as ordered in June 2014, it seems that the final accounting should have reflected net assets of that amount. Given our conclusion in part I of this opinion, the final accounting should reflect net assets of $8,763.35.

Thus, the district court erred by finding in its December 17, 2014 order that the "balance" of Chapman's estate at the time of her death was $0.00. Therefore, we reverse that part of the district court's December 17, 2014 order and remand the matter to the district court for entry of an amended order that reflects Meintsma's obligation to pay a total of $8,763.35 to Chapman's estate.

**Reversed and remanded.**